**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Uni-Bell PVC Pipe Association, | No. CV-04-0099-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix, | |
| Defendant. | |

Pending before the Court are the parties' cross motions for summary judgment. *See* Docs. ##26, 30. For the reasons stated below, Plaintiff's motion for summary judgment will be denied and Defendant's motion for summary judgment will be granted.[1]

**Background**

The City of Phoenix bans the use of polyvinal chloride ("PVC") sewer pipes in all its public sewer projects. Doc. #1. On January 14, 2004, Plaintiff Uni-Bell PVC Pipe Association ("Uni-Bell"), a trade association that advocates and lobbies on behalf of PVC pipe manufacturers, filed a complaint against the City seeking declaratory and injunctive relief pursuant to 28 U.S.C. § 2201. *Id.* Plaintiff asks the Court to invalidate the City's ban

---

[1] The Court will deny the request for oral argument because the parties have submitted memoranda thoroughly discussing the law and evidence and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991), *cert denied*, 503 U.S. 920 (1992).

on PVC sewer pipe as "erroneous, arbitrary, and wholly unwarranted," and seeks both an injunction precluding the City from enforcing its ban and an order permitting the installation of PVC pipe in the City's municipal sewer system. Doc. #1.

Plaintiff acknowledges that the City has the authority to regulate the construction, maintenance, and operation of the sewer system within City limits pursuant to A.R.S. § 9-276, but argues that the statute does not grant the City "unfettered discretion." Doc. #26. Plaintiff argues that the City can sustain the PVC ban only if it is supported by a rational basis. *Id.*

Both parties' experts agree that PVC is an acceptable sewer pipe currently used in 73% of the national sewer pipe market. *Id.* Both also agree that PVC and the City's current pipe – vitrified clay – are essentially equivalent products. *Id.* Plaintiff argues that the City's unilateral ban is arbitrary and unreasonable and should be struck down by the Court. *Id.* The City argues that the Court must uphold the ban unless Plaintiff shows that it resulted from fraud or bad faith.

## Discussion

### I.  Summary Judgment Standard.

Summary judgment is appropriate if the admissible evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). "[O]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger*, 24 F.3d at 1130. To preclude summary judgment the dispute must be genuine, that is, it must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### II.  Applicable Legal Standard in this Case.

The parties disagree on the legal standard to be applied in this Court's evaluation of the City's pipe decision. Plaintiff argues that the Court must strike down the City's

policy if it is not supported by a rational basis. The City argues that the Court must apply a far more deferential standard, interfering with the City's policy only if Plaintiff shows it to be tainted with fraud and bad faith. Both sides agree that Arizona law controls the Court's decision, and both sides cite cases to support their argument.

Although the Arizona cases cited by the parties have not adopted a single, clear, repeated standard, the Court concludes that a deferential standard should be applied. The Arizona Supreme Court has stated that "there is an area of discretion lodged in city officials in carrying out transactions for the benefit of the city and its inhabitants. In the absence of fraud or bad faith, the validity of their actions will not be entertained by courts." *Sulfur Springs Valley Elec. Coop., Inc. v. City of Tombstone*, 407 P.2d 76, 78 (Ariz. 1965). Arizona cases have described this deferential approach with various words. The Arizona Supreme Court has explained that "courts, in the absence of fraud or a palpable abuse of discretion, have no power to control [a city's] action." *Phoenix v. Landrum & Mills Realty Co.*, 227 P.2d 1011, 1014 (Ariz. 1951) (citation omitted). The Supreme Court has also stated that a court will not overturn the judgment of a city council unless the council's discretion was "unquestionably abused." *City of Glendale v. White*, 194 P.2d 435, 439 (1948). In the somewhat analogous context of reviewing the decision of a state agency, the court explained that "courts will acquiesce in the legislative determination in all matters of fact unless it is clearly erroneous, arbitrary and wholly unwarranted." *Edwards v. State Bd. of Barber Examiners*, 231 P.2d 450, 452 (1951).

The Court concludes from these cases that the City's sewer pipe decision should be overturned only if it resulted from fraud, bad faith, or an unquestionable abuse of discretion. The standards of fraud and bad faith are clear, and the Court does not view an unquestionable abuse of discretion as far different. As the Arizona Supreme Court explained, "one attacking the validity of a contract made by a municipality has the burden of showing that such a contract was so improvident that it amounts to a palpable abuse of discretion. It is not enough to show that the contract was disadvantageous to the city or that it might possibly prove to be such." *Landrum & Mills*, 227 P.2d at 1014.

- 3 -

In arguing for a less deferential standard, Plaintiff relies primarily on *Home Builders Assoc. of Central Arizona v. Scottsdale*, 875 P.2d 1310 (Ariz. Ct. App. 1993). But the court of appeals in *Home Builders* clearly recognized that municipal actions are entitled to deference under Arizona law. *Id.* at 1313. It is true that the court inquired into the rational basis for the city's action in that case, but the rational basis inquiry was required by the governing statute. *See* A.R.S. § 9-463.05. Plaintiff has cited no statute that requires a rational basis in this case.

*Home Builders* also concerned a city's affirmative assessment of development fees. The assessment of such fees is expressly regulated by Arizona statutes. *Id.* The Court sees a significant difference between a general policy regarding sewer systems and an affirmative act that requires citizens to pay money. Courts considering such an affirmative extraction of money should carefully review the statutory authority upon which it is based and confirm that the fees comply with authorizing statutes. Courts reviewing general city policy decisions, however, should recognize that cities are both authorized to make such general determinations and more qualified to do so than courts.

**III.    Analysis.**

Applying the more deferential standard, the Court concludes that summary judgment must be entered in the City's favor. Plaintiff has not presented facts from which a reasonable trier of fact could conclude that the City acted fraudulently, in bad faith, or in an unquestionable abuse of discretion. To be sure, reasonable minds could disagree on whether the City's PVC pipe ban is technically or economically correct, but the correctness and wisdom of a city's decision is not for this Court to review. Courts may intervene only when matters have gone seriously awry – only when the City has acted fraudulently, in bad faith, or has unquestionably abused its discretion. The City's reasons for the PVC pipe ban, even viewed in the light of Plaintiff's evidence and arguments, could not be found by a reasonable jury to satisfy this standard.

The City asserts three reasons for its decision. First, the City has used vitrified clay pipe for several decades, with approximately 4,300 miles of clay sewer lines installed to

date. Doc. #24. The City believes that a change from clay to PVC would result in additional burden, time, and cost and require substantial changes in the way the City designs, inspects, operates, and maintains its sewer system. *Id.* Plaintiff challenges the City's lack of experience with PVC as untrue, noting that twenty-five years ago PVC pipe was installed in some City subdivisions without incident. Doc. #28. Plaintiff also argues that "[the City] cannot act as though [it is] on some island without access to knowledge or resources," noting the presence of several independent contractors in the Phoenix area skilled in PVC pipe installation. Doc. #26. These arguments suggest that the City's decision might be unwise or even incorrect, but they do not demonstrate that the City's rationale is fraudulent, the result of bad faith, or unquestionably an abuse of discretion.[2]

Second, the City's policy rests on the recommendation of three separate committees organized to study whether the ban on PVC pipes should continue. Doc. #24. In 1994, the City hired an international engineering firm, Black & Veach, to study the issue and make recommendations. The firm received public input regarding the advantages of PVC pipe, including oral and written presentations from Plaintiff. *Id.* The Black & Veach study concluded that a switch from vitrified clay to PVC would not produce a "commensurate benefit" to the City and recommended the City continue its ban. *Id.* The City appointed a second product evaluation committee to revisit the issue in 1999. *Id.* This committee recommended that the City allow PVC pipe, but only if strict precautionary policies were adopted, including hiring a full time on-site inspector, instituting pipe deflection testing, limiting pipe bedding and backfill material to Class I, and limiting PVC pipe installation to

---

[2] Although Plaintiff argues that the City's decision was arbitrary, the Court concludes that Plaintiff's evidence does not rise to the level of an unquestionable or palpable abuse of discretion. As the Arizona Supreme Court explained, "[i]t is not enough to show that the contract was disadvantageous to the city or that it might possibly prove to be such." *Landrum & Mills*, 227 P.2d at 1014. One attacking the validity of a city's action has the burden of showing that it was "so improvident that it amounts to a palpable abuse of discretion." *Id.* The Court views this level of improvidence as akin to fraud and bad faith, not simply as lacking in a rational basis.

new subdivisions. *Id.* In 2003, a third independent engineering group was consulted and concurred with the 1999 committee's recommendation and restrictions. *Id.* Based on the three committees' comments, the City decided to uphold its ban.

Plaintiff disagrees with the committee recommendations, calling them unnecessary, arbitrary, clearly erroneous and "nothing short of pretexts used by [the City] to reach [its] predetermined result." Doc # 26. But Plaintiff offers no facts that show the committee recommendations were fraudulent, in bad faith, or unquestionably an abuse of discretion. The City evaluated the necessity of the ban on three separate occasions by convening three independent committees. Doc. #24. And these actions were not conducted in secret. *Id.* Black & Veach sought community input by holding public hearings and received oral and written statements from Plaintiff. *Id.* Despite Plaintiff's input, Black & Veach concluded that continuation of the ban was in the best interest of the City. Doc. #24.

Third, the City banned PVC pipes because of its belief that PVC is not an environmentally-friendly product. Plaintiff argues there is "no conclusive negative health or environmental effects directly associated with the manufacture or use of PVC." Doc. #28. Again, Plaintiff raises a question as to whether the City's decision is correct, but no question as to whether it is fraudulent, in bad faith, or an unquestionable abuse of discretion.

Considering the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to meet its burden. Absent a showing of fraud or bad faith or an unquestionable abuse of discretion, the City's policy decision will not be second-guessed by the Court. *See Sulphur Springs,* 407 P.2d at 78.

**IT IS SO ORDERED** Defendant's Motion for Summary Judgment is **granted.**

**IT IS FURTHER ORDERED** Plaintiff's Motion for Summary Judgment is **denied.**

1  **IT IS FURTHER ORDERED** the Clerk of the Court shall **terminate** this action.

2  DATED this 28th day of November, 2005.

*[signature]*
David G. Campbell
United States District Judge