**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Uni-Bell PVC Pipe Association, | ) | No. CV-04-0099-PHX-DGC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| City of Phoenix, | ) | |
| Defendant. | ) | |

Plaintiff has filed a Motion for Reconsideration (Doc. #37). For the reasons set forth below, the Court will deny the motion.

The Court has discretion to reconsider and vacate its order granting summary judgment, *see Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994), but motions for reconsideration are disfavored and should not ask the Court to rethink its analysis. *See United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998).

Plaintiff argues that the Court incorrectly construed and applied Arizona law concerning the level of deference to be afforded municipal decisions. The Court's standard was based on relevant Arizona cases. The Court acknowledged that Arizona courts have not adopted a single, clear standard, but concluded that the cases reflect a substantial level of deference to city decisions. Applying this Arizona law, the Court concluded that summary judgment should be granted to the City in this case unless Plaintiffs presented facts from which a reasonable jury could conclude that the City acted fraudulently, in bad faith, or with an unquestionable or palpable abuse of discretion.

Plaintiff identifies several alleged factual errors in the Court's order, but the Court still concludes that Plaintiff has not satisfied this standard.

First, Plaintiff disagrees with the Court's assertion that PVC and vitrified clay pipe are essentially equivalent. Plaintiff presents various factual assertions as to why PVC pipe is superior. These facts do not alter the Court's conclusion. The Court did not base its prior decision on the equivalence of the products; the Court simply assumed that a reasonable municipality could choose either product.

Second, Plaintiff disputes the City's three proffered reasons for banning PVC pipe. The factual disputes raised by Plaintiff, which were presented in the parties' original briefing, do not alter the Court's conclusion. Plaintiff has not presented sufficient evidence for a reasonable jury to conclude that the City acted fraudulently, in bad faith, or with an unquestionable abuse of discretion.

Third, Plaintiff notes that the City did not establish three independent "committees." The Court agrees that its terminology was incorrect. The City established one committee and retained two consultants. The City relied on analyses by these three entities to support its ban on PVC pipe. Regardless of the terminology, the Court continues to conclude that Plaintiff has not presented sufficient evidence for a reasonable trier of fact to conclude that the City acted fraudulently, in bad faith, or with an unquestionable abuse of discretion.

Plaintiff complains that the Court failed to "look behind" the City explanation – to hold a trial on whether the City's decision was proper. But it is just such an inquiry into the actions of municipalities that the deferential Arizona standard is designed to avoid. As noted in the Court's earlier order, cities are both authorized and better equipped to make these decisions than courts. Courts should intervene only when things have gone seriously awry, not simply when a party of a court thinks the city made the wrong decision.

Plaintiff's motion largely restates other arguments previously made to the Court. As noted above, a motion for reconsideration is not the place to re-argue previous assertions.

**IT IS HEREBY ORDERED** that the Motion of Plaintiff Uni-Bell PVC Pipe Association for Reconsideration (Doc. #37) is **denied**.

DATED this 19th day of December, 2005.

_____
David G. Campbell
United States District Judge

- 3 -